**SO ORDERED.**

**SIGNED this 11 day of June, 2010.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

MICHAEL BRIAN WHITE and                    CASE NO. 09-05578-8-JRL
STEPHANIE JONAS WHITE,                                 Chapter 7

      DEBTORS.

ORDER

This case is before the court on the debtors' motion for sanctions against Hendrick Automotive Group d/b/a Hendrick Chevrolet ("Hendrick"). A hearing on this matter took place in Raleigh, North Carolina on May 25, 2010.

The debtors, Michael and Stephanie White, filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on July 6, 2009. On June 22, 2009, the debtors purchased a 2009 Chevrolet Silverado from Hendrick. As part of the purchase transaction, the male debtor wrote a check to Hendrick in the amount of $3,500.00. The funds were not available in the male debtor's account when he wrote the check. However, the male debtor asserts that he had a $2,500.00 overdraft protection on his account and had instructed Hendrick not to negotiate the check for 10 days, during which time he would deposit an additional $1000.00 from his paycheck. Hendrick denies that it ever received such instructions. Hendrick attempted to

immediately negotiate the check which was dishonored by the debtors' bank on June 25, 2009. Upon notification of the dishonored check, the male debtor came to Hendrick on June 30, 2009 and delivered a cashier's check in the amount of $1,000.00. At the same time, the male debtor delivered to Hendrick another personal check for $2,500.00, which was also dishonored by the debtors' bank.

The debtors filed their bankruptcy petition on July 6, 2009. Hendrick received notice of the filing via fax on July 30, 2009. Although Hendrick was not listed as a creditor in the debtor's original schedules, it was added as a creditor and appropriately served on August 5, 2009 with the amendment and the appropriate notices of the filing. On August 20, 2009, Hendrick reported the felonious $2,500.00 worthless check to Officer C. G. Anderson of the Cary Police Department, while Officer Anderson was at the Hendrick store premises on other business. The male debtor was arrested, and required to post bond in the amount of $350.00. He incurred attorney fees in the amount of $2,500.00 and, as part of the plea agreement, was required to pay Hendrick $2,500.00 and perform 75 hours of community service he values at $1,500.00 in lost wages. The debtors contend that they suffered actual damages in the amount of $6,850.00.

The debtors assert that subsequent to the bankruptcy filing and imposition of the automatic stay, Hendrick took steps to attempt to collect debts properly listed in the amended petition by reporting the worthless check to Officer Anderson. The male debtor contends that by seeking criminal actions against him for the purpose of collecting a debt, Hendrick willfully violated the provisions of the automatic stay. The debtors seek damages, sanctions and attorney fees. It is Hendrick's position that it did not notify Officer Anderson about the check for the

purpose of collecting the debt.  Hendrick contends that after notifying Officer Anderson, it did not inquire further about the matter and has in no way indicated intent to recover the funds owed by the debtors outside of the bankruptcy process.

The automatic stay goes into effect immediately upon the filing of the bankruptcy case and, pursuant to 11 U.S.C. § 362(a)(6), prohibits all entities from "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case."  Under § 362(k)(1), "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."  In order for a conduct to be willful, it has to be done intentionally and with knowledge of the bankruptcy case.

Bankruptcy proceedings have built-in protections for creditors who are owed monies. Therefore, creditors must work within the confines of the bankruptcy system if they believe they have been wronged by the debtor.  In re Jesse Negrete and Joyce Negrete, Case No 07-00540-8-JRL (Bankr. E.D.N.C. August 10, 2009).  This court has aptly observed that:

> "[O]nce a debtor files a petition for bankruptcy, a disgruntled creditor may not then approach a governmental prosecutorial entity in order to prompt a criminal action to recover debt. If the creditor already has complained to authorities by the time a petition is filed, those authorities may commence or continue a criminal prosecution . . . as they see fit. But if the debtor files for bankruptcy before a creditor complains to prosecuting authorities, that complaint . . . may constitute a violation of the automatic stay or discharge injunction."  Id. (citing In re Byrd, 256 B.R. 246, 252 (Bankr. E.D.N.C. 2000)).

Here, Hendrick was aware of the bankruptcy and noticed as a creditor on July 30, 2009. Nonetheless, on August 20, 2009, Hendrick decided to report the worthless check to Officer Anderson.  Had Hendrick reported the worthless check at any point prior to the bankruptcy petition, a different outcome would result.  Here, Hendrick reported it with admitted knowledge

3

of the bankruptcy filing. Hendrick's intent had a dual purpose: to report a crime and hopefully to get reimbursed. This dual purpose runs afoul of the Bankruptcy Code and sanctions are appropriate. However, the debtors are not without reproach, as they omitted this claim from their original petition. Additionally, Hendrick took no further steps after its report to Officer Anderson. Thus punitive damages are not appropriate. Based on the foregoing, the motion for sanctions is ALLOWED. The debtors are entitled to compensation for actual damages. Hendrick is directed to pay a monetary sanction in the amount of $6,850.00.

## "END OF DOCUMENT"